AO 91 (Rev. 5/85) Criminal Complaint

# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

UNITED STATES OF AMERICA

V.

**CRIMINAL COMPLAINT**

BRYAN WILLIAMS
    a/k/a "B-whirl"

CASE NUMBER: 2:09mj 1371

(Name and Address of Defendant)

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about __December 14, 2009__ In __Charleston, Dorchester, and Berkeley__ Counties, in the District of South Carolina, the defendant(s) did: Track Statutory Language of Offense.

**Possession with intent to distribute cocaine and conspiracy to distribute cocaine.**

in violation of Title 21, United States Code Section(s) 841(a)(1) and 846.

I further state that I am a(n) __Special Agent__ and that this complaint is based on the following facts:
                                              Official Title

**SEE ATTACHED AFFIDAVIT**

Continued on the attached sheet and made a part hereof: ☒ Yes  ☐ No

_____
Signature of Complainant

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE,

December 15, 2009                         At    Charleston, South Carolina
Date                                              City and State

Magistrate , United States Magistrate Judge       _____
Name & Title of Judicial Officer                   Signature of Judicial Officer

## AFFIDAVIT

This affidavit is submitted in support of a criminal complaint charging TERRENCE JONES, TEALIZE RANDALL III a/k/a 3rd, and BRYAN WILLIAMS a/k/a B-whirl, with possession with the intent to distribute cocaine and conspiracy to distribute cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846.

**Your Affiant:** Your affiant, Brendan McSheehy, Special Agent (S/A) of the Drug Enforcement Administration (DEA), United States Department of Justice, being duly sworn, does depose and state:

Your affiant, Brendan McSheehy, Special Agent (S/A) of the Drug Enforcement Administration (DEA), United States Department of Justice, is an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code (U.S.C.); that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 21, United States Code.

Your affiant McSheehy has been a member of the Drug Enforcement Administration since January 1999 and is currently assigned to the Charleston Resident Office in Charleston, South Carolina. Previous to that, your affiant McSheehy was employed as a police officer for eleven years with the Wilmington City Police Department, Wilmington, North Carolina. Since your affiant's employment with the Drug Enforcement Administration (DEA), your affiant has worked exclusively on drug investigations. As both a Drug Enforcement Administration Special Agent (S/A), and as a police officer, your affiant has participated in the investigation of not less than two hundred cases. These cases involved state and federal narcotics violations. Your affiant

has worked in an undercover capacity, conducted surveillance, arrested suspects, executed search warrants, seized evidence, prepared investigative reports, handled informants and has debriefed informants and questioned suspects. Your affiant has assisted prosecuting attorneys in the preparation of cases for trial and has testified in United States District Court. Your affiant has consulted with other agents and prosecuting attorneys in matters dealing with the enforcement of the Controlled Substance Act and as a result has gained considerable experience.

**Facts and Circumstances:** On December 8, 2009, in the Southern District of South Carolina, Antawan Maurice Heyward, a/k/a "Wink", was indicted for possession with the intent to distribute cocaine and conspiracy to distribute cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a) and 21 U.S.C. § 846. A federal arrest warrant was subsequently issued by United States Magistrate Judge Robert S. Carr.

On December 14, 2009, at approximately 3:00 p.m. a DEA source of information, hereinafter referred to as SI, related that he/she had information in reference to Antawan Maurice Heyward, a/k/a "Wink". The SI stated that he/she knows "Wink" to broker kilogram quantities of cocaine between individuals in Houston, Texas and North Charleston, SC. The S/I stated that "Wink" lives in the Houston, TX area and travels back and forth from Texas to South Carolina. The SI further stated that he/she knew that "Wink" had recently arrived in the North Charleston, SC area from Texas with other individuals from Texas. The SI advised that "Wink" was driving around in a silver or grey colored Ford Taurus bearing SC tags and was accompanied by an individual by the name of "Terrance". The SI further advised that the SI believed "Wink" was staying at the Hampton Inn in Summerville, SC.

As a result of that information, members from Drug Enforcement Administration, Charleston Resident Office, established surveillance in the area of the Hampton Inn, 1015 Jockey Court, Summerville, SC. SA McSheehy and TFO Jamie Humphries spoke with the Hampton Inn desk clerk, Mindy Theodore. Ms. Theodore identified a picture of Antwan Maurice Heyward as being a current resident of the hotel and advised that Heyward was staying in room 226 with another individual. At approximately 4:50 p.m., SA McSheehy spoke with the Hampton Inn maintenance person Joe Tomak via telephone. Mr. Tomak advised that Heyward was leaving the Hampton Inn in a grey colored Ford Taurus bearing SC registration EMR-427.

Surveillance units observed the Ford Taurus traveling East bound on I-26. A traffic stop was conducted on the Ford Taurus at College Park Rd and Hwy 78 which was occupied by Terrence Jones and Antwan Maurice Heyward. Heyward was seated in the front passenger seat and placed under arrest. Agents noticed a large bulge under Heyward's shirt and located approximately 750 grams of white powder that later field tested positive for cocaine. The driver, Terrence Jones was also taken into custody.

Heyward was apprised of his rights per *Miranda v. Arizona* and waived his rights. Heyward agreed to cooperate with law enforcement and stated that Heyward, "3rd" and "B-Whirl" drove to South Carolina from Texas with 2 kilograms of cocaine. Heyward stated that he and "B-Whirl" are staying in the Hampton Inn in Summerville room 226. Heyward stated that "3rd" is staying in the Comfort Inn Suites room 320 next door to the Hampton Inn. Heyward stated that he rented Comfort Inn Suites room 320 using an ID in the name of Miles Humphrey. Heyward further added that "3rd" was the owner of the

3

cocaine that was brought from Texas and that at least one additional kilogram of cocaine was present inside room 320 of the Comfort Inn Suites.

Heyward signed a form consenting to search both rooms, one of which he was staying in (Hampton Inn room 226) and the other which he had rented (Comfort Inn Suites room 320). While agents were talking to Heyward, Randall was seen walking across the Hampton Inn parking lot. Heyward confirmed that it was indeed Randall walking across the parking lot. Agents took Randall into custody. Randall was holding a room key for the Comfort Inn Suites in his hand. Randall denied staying at any hotel in the area and stated that he was just visiting a girlfriend who was not around. SA McSheehy confirmed with Comfort Suites management that the key Randall was holding was indeed for room 320. SA McSheehy asked Randall for consent to search room 320 at Comfort Inn Suites and Randall stated that the key wasn't his, that it was an old key, and that he was not staying at the Comfort Inn Suites or the Hampton Inn.

A search of room 320 at the Comfort Inn Suites was conducted and approximately 1 kilogram of white powder which later filed tested positive for cocaine was seized from within the room. Approximately 37.8 grams of crack cocaine was also found inside the wrapping with the kilogram of powder.

Heyward stated that Williams was being paid by Randall to drive from Texas to South Carolina and Williams had been present when cocaine was being transported between the two hotel rooms. Williams was later arrested in the front lobby of the Hampton Inn. Williams signed a form consenting to search room 226 at the Hampton Inn. A search was conducted and approximately 145 grams of white powder was seized from underneath a bed in that room.

4

Heyward further stated that on December 13, 2009, he had sold Jones 4 1/2 ounce of cocaine. Heyward stated that Jones paid approximately $3,7000.00 for the 4 ½ ounces of cocaine and Randall had the money from that sale in his pants pocket. Randall was found to be in possession of approximately $3000.00 at the time of his arrest. Heyward added that he and Jones were en-route to sell ¾ kilogram of cocaine to another individual when stopped by agents.

Based on the foregoing facts and circumstances, your affiant asserts that there is probable cause to believe that TERRENCE JONES, TEALIZE RANDALL III a/k/a "3rd", and BRYAN WILLIAMS a/k/a "B-whirl", did possess with the intent to distribute cocaine and did conspire to distribute cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846.

Your affiant affirms under penalty of perjury that the foregoing affidavit is true and accurate to the best of his knowledge.

_____
Brendan McSheehy, Special Agent

Subscribed and sworn to before me this 15th day of December, 2009 in Charleston, South Carolina at 2:17 p.m.

_____
United States Magistrate Judge
District of South Carolina

5